WO                                                                                          MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Mikhail Kopylov,                                        No.  CV-20-01101-PHX-JAT (ESW)

                        Petitioner,

v.                                                      **ORDER**

US District Court, et al.,

                        Respondents.

Petitioner Mikhail Kopylov (A# 215-880-198) has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will grant the Application and require Petitioner to show cause why this action should not be dismissed as moot.

**I.      Application to Proceed In Forma Pauperis**

Although Petitioner has not filed his request on the court-approved form for seeking leave to proceed in forma pauperis in a habeas corpus action, his fee request indicates that his detainee account balance is less than $25.00.  Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperis.  *See* LRCiv 3.5(c).

**II.     Background**

Petitioner is a native of Ukraine and a citizen of Russia.  On January 30, 2019, he applied for admission into the United States at the DeConcini Port of Entry in Nogales, Arizona, and expressed a fear of returning to Russia and Ukraine.  (Docs. 1 at 10-18; 1-1 at 2-3.)  Petitioner was subsequently taken into custody by the United States Department

of Homeland Security ("DHS") and referred for removal proceedings.  He was then detained in the CoreCivic La Palma Detention Center ("LPCC") in Eloy, Arizona.

On November 5, 2019, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and protection under Article III of the United Nations Convention Against Torture, and ordered him removed from the United States to Ukraine. (Doc. 1-1 at 25.)  Petitioner's appeal of the decision to the Board of Immigration Appeals was withdrawn on October 2, 2020.[1]

**III.    Petition**

In his Petition, Petitioner names the "US District Court, Phoenix" and "Howard" as Respondents.  He asks the Court to order his immediate release from detention and brings four grounds for relief.

In Ground One, Petitioner claims that his detention in a "criminal prison" for more than 16 months violates the United States Constitution because he does not have a criminal record and has never violated state or federal laws.

In Ground Two, Petitioner challenges his indefinite detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  He claims that his detention in excess of six months, when his removal from the United States is not reasonably foreseeable, violates the United States Constitution.

In Ground Three, Petitioner claims that his detention violates international refugee law and refugee human rights.  He alleges that the immigration judge improperly "refused to give [him] status [as a] Refugee" and he has "international Refugee stat[us] according to international law."  He further alleges that he is being held in a "prison [that] was built especially for criminals, not for the Refugees."  Petitioner states that he is being held under locked metal doors four times a day and all night, there is no internet service at his facility, and "prison staff [have] infected the Refugees [with Coronavirus] and allowed them to die."

---

[1] *See* Executive Office for Immigration Review Automated Case Information, https://portal.eoir.justice.gov/InfoSystem/CourtInfo.

JDDL

In Ground Four, Petitioner claims that his detention violates the United States Constitution because he is not a danger to the community and his detention does not serve the public interest.

**IV.    Dismissal as Moot**

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' and 'Article III standing . . . enforces the Constitution's case-or-controversy requirement.'" *Hein v. Freedom from Religion Found, Inc.*, 551 U.S. 587, 597-98 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 589 (2006)).  A party invoking federal jurisdiction bears the burden of demonstrating, at all stages of litigation, standing for each claim alleged and for each form of relief sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Therefore, "[i]f an intervening circumstance deprives [a petitioner] of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).

The ICE Online Detainee Locator System reflects that Petitioner is not currently detained in ICE custody.[2]  Thus, it appears that Petitioner is no longer detained in LPCC and has been released from Respondents' custody through a process unrelated to this case. The Court therefore cannot provide him with the relief he has requested—not to be detained in LPCC and to be released.  Accordingly, Petitioner will be required to show cause why this action should not be dismissed as moot.  *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot . . . because he no longer is subjected to the allegedly

[2] *See* ICE Online Detainee Locator System, https://locator.ice.gov.

unconstitutional policies." (quotations and brackets omitted)); *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (a petitioner's release from detention moots a challenge to the legality of continued detention).

**IT IS ORDERED:**

(1)      Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)      Petitioner shall have **14 days** from the date this Order is filed to file a response to this Order and show cause why this action should not be dismissed as moot.

(3)      If Petitioner fails to file a response to this Order within 14 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action and deny any pending unrelated motions as moot.

Dated this 21st day of January, 2021.

James A. Teilborg
Senior United States District Judge